IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mickey Clarence Rosenquist,<br><br>                    Petitioner,<br><br>v.<br><br>Pamala Rider, et al.,<br><br>                    Respondents. | No. CV-13-01103-PHX-DLR<br><br>**ORDER** |

In 2007, Mickey Clarence Rosenquist ("Petitioner"), facing charges of possession of methamphetamine for sale in an amount over the statutory threshold, possession of equipment or chemicals for the manufacture of methamphetamine, and possession of marijuana, (Doc. 17, Ex. K), sought, in a pre-trial suppression hearing, to suppress the evidence seized during the search of his car. (Doc. 21, Ex. E at 3.) Petitioner argued at the hearing that he had been unlawfully detained and that the seized evidence was the fruit of his unlawful detention. (*Id*.) Phoenix Police Sergeant Tamara Motyka, a convenience store clerk, and Petitioner testified at the hearing. (Doc. 21, Ex. A at 9.) After hearing the evidence, the trial court found that Petitioner had not been unlawfully detained, and that there was probable cause for his arrest after police discovered a black bag containing drugs and drug paraphernalia in his companion's car, where Petitioner had been observed inserting his hands. (*Id.*) The trial court further found that Petitioner had consented to the search of his car. (*Id.*) At trial, Petitioner was found guilty of all three charges and the trial court sentenced him to 20 years for the possession of

methamphetamine conviction, 15 years for the possession of equipment or chemicals for manufacture of methamphetamine conviction, and 4.5 years for the possession of marijuana conviction, all sentences to run concurrently. (Doc. 17, Ex. 1.)

Following his conviction, Petitioner challenged the trial court's ruling on the suppression motion in a direct appeal to the Arizona Court of Appeals and later raised the issue of the effectiveness of his trial counsel in a petition for post-conviction relief. Both requests for relief were denied. (Doc. 21, Ex. B; Doc. 17, Ex. R.) On May 31, 2013, Petitioner filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 22, 2013, through counsel, Petitioner filed an Amended Petition arguing that trial counsel was ineffective at the suppression hearing (Ground One), and asserting that his Fourth Amendment rights had been violated (Ground Two). (Doc. 17, Ex. 1.)

The Court referred the petition to United States Magistrate Judge David K. Duncan for report and recommendation ("R&R"). (Doc. 3.) The matter was later re-assigned to United States Magistrate Judge Bridget S. Bade. (Doc. 25.) Judge Bade recommended that the Court deny the amended petition because Petitioner has not shown the state court's rejection of his claim of ineffective assistance of counsel was based on an unreasonable determination of the facts or was contrary to controlling Supreme Court precedent, and because Petitioner's Fourth Amendment Claim is not cognizable on habeas review. (Doc. 27 at 19-20.)

Petitioner filed objections to the R&R. (Doc. 28.) For the following reasons, the Court accepts the R&R's conclusions and denies the petition.

## I.     Standard of Review.

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.   Analysis.**

    **A.  Ground One**

In his first claim, Petitioner argues that trial counsel's performance was deficient at the suppression hearing because she "failed to conduct any witness or officer interviews until months after the suppression hearing," (Doc. 17, Ex. 2 at 19), and failed to bring in contradictory statements of other officers from the grand jury testimony or their reports. (*Id.* at 19.)  The Court agrees.  The Ninth Circuit has repeatedly found that "[a] lawyer who fails adequately to investigate, and to introduce into evidence, [evidence] that demonstrate[s] his client's factual innocence, or that raise[s] sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Avila v. Galaza*, 297 F.3d 911, 919 (9th Cir. 2002).

Although trial counsel's failure to conduct witness interviews before the suppression hearing was deficient, the inquiry does not end there.  Petitioner must also show that he was prejudiced by trial counsel's deficient performance—that there is a reasonable probability that, absent trial counsel's error, the result of the suppression hearing would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Judge Bade correctly found that Petitioner failed to meet his burden because the evidence Petitioner claims should have been presented did not contradict Sergeant Motyka's testimony or was duplicative, and that even if counsel's performance was deficient, prejudice has not been shown. (Doc. 27 at 17-18.)  Judge Bade points out that much of the testimony Petitioner claims should have been presented at the suppression hearing was based on second-hand information.

One of the witnesses Petitioner claims should have been called, Detective Esperum, was not at the scene at the time of the search.  (Doc. 17 at 89.)  Any information he had about the search was obtained from Sergeant Motyka. (Doc. 27 at 16-17.)  Petitioner objects to Judge Bade's findings that the testimony of Detective Esperum was "based on second-hand information."  However, because Detective Esperum was not present at the scene, any information he possessed about the search was indeed second

1 hand. Petitioner argues that Detective Esperum was an important witness for the
2 suppression hearing because he testified to the Grand Jury and at trial that the search was
3 an inventory search. However, it was brought out at the suppression hearing that
4 Detective Esperum's report stated that the search was an inventory search. (Doc. 17, Ex.
5 A at 89-90.) Sergeant Motyka was cross-examined on that point. The inconsistency
6 about the basis of the search between what Officer Motyka testified to and what she told
7 Detective Esperum was presented at the hearing. Judge Bade correctly found the issue of
8 whether the search of Petitioner's car was an inventory search or a consent search was
9 fully litigated at the suppression hearing. Petitioner has failed to demonstrate a
10 reasonable probability that, but for counsel's failure to interview or call Detective
11 Esperum as a witness at the suppression hearing, the result of the proceedings would have
12 been different.

13 Another witness Petitioner argues should have been called at the suppression
14 hearing is Officer Marrero. The information Petitioner presents in his Objection to the
15 R&R about Officer Marrero's knowledge of the basis of the search is his interview
16 wherein he stated ". . . one of the officers said something to the effect that there was
17 going to be a drug dog search of the vehicle, and he [Petitioner] said that was fine."
18 (Doc. 28 at 3.) Petitioner correctly points out that, based on his interview, had trial
19 counsel called him Officer Marrero would have supported an argument that if Petitioner
20 gave consent it was only consent to a drug dog search. However, Officer Marrero's
21 interview testimony was consistent with Sergeant Motyka's testimony at the suppression
22 hearing that she had called for a drug canine to help with the search, and when she
23 learned one was not available Petitioner told her she could "go ahead and check his car
24 without the dog." (Doc. 17, Ex. 4 at 48.) Even though Officer Marrero's testimony
25 might have supported Petitioner's position at the suppression hearing, considering the
26 totality of the evidence, Petitioner has not satisfied his affirmative burden, set forth by 28
27 U.S.C. § 2254(e)(1) and *Strickland*, to establish that, but for counsel's failure to interview
28 or call Officer Marrero at the suppression hearing, the result of the proceedings would

1 have been different.

2     Petitioner also challenges Judge Bade's finding that trial counsel was not deficient
3 for failing to present evidence at the suppression regarding the positioning of the vehicles
4 during the relevant time period. In his Objection to the R&R, Petitioner argues that "the
5 exact positioning of the cars is exactly what the trial court needed in order to find that
6 Petitioner had been unlawfully detained." (Doc. 28 at 5.) However, Petitioner does not
7 identify the evidence that would have established that exact location. In his Attachment
8 to Amended Petition, Petitioner refers to the pretrial interview and sketch of Phoenix
9 Police Officer Roestenberg. Officer Roestenberg's pretrial interview and sketch, as
10 pointed out in the R&R, are ambiguous and lack certainty. He testified that he did not
11 know which vehicle Sergeant Motyka was behind, and his sketch does not identify her
12 patrol car. (Doc. 17, Ex. E.) Given Officer Roestenberg's lack of certainty about the
13 location and positioning of the three vehicles at the scene, Petitioner has not carried his
14 burden to show a reasonable probability that, but for counsel's failure to interview or call
15 Officer Roestenberg as a witness at the suppression hearing, the result of the proceedings
16 would have been different.

17     **B. Ground Two**

18     As to Ground Two, Judge Bade found that Petitioner had a full and fair
19 opportunity to litigate his Fourth Amendment claim and that the claim is therefore barred
20 by the holding in *Stone v. Powell*, 428 U.S. 465 (1976). (Doc. 27 at 18-19.) Petitioner
21 argues that *Stone* does not bar review where a defendant claims that the failure to assert
22 Fourth Amendment rights constituted ineffective assistance of counsel, relying on
23 *Kimmelman v. Morrison*, 477 U.S. 365 (1986). (Doc. 28 at 8-9.) However, as described
24 in the discussion on Ground One, Petitioner has not carried his burden to establish that
25 trial counsel was ineffective at the suppression hearing in asserting Petitioner's Fourth
26 Amendment Rights. Therefore, as found in the R&R, Petitioner's claim as set forth in
27 Ground Two is barred by the holding in *Stone* and is not cognizable on federal habeas
28 review. Accordingly,

**IT IS ORDERED:**

1. Magistrate Judge Bridget S. Bade's R&R (Doc. 27) is **ACCEPTED**.

2. Mr. Rosenquist's amended petition for writ of habeas corpus (Doc. 17) is **DENIED** with prejudice.

3. A certificate of appealability and leave to proceed *in forma pauperis* are **DENIED** because Petitioner has made no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

4. The Clerk of the Court is directed to **TERMINATE** this action.

Dated this 26th day of September, 2014.

Douglas L. Rayes
United States District Judge